**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4005**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROY KEITH LUCAS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, District Judge. (3:05-cr-00760-MBS)

_____

Submitted:  November 14, 2007      Decided:  December 6, 2007

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Rogers, Columbia, South Carolina, for Appellant. Stanley D. Ragsdale, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Keith Lucas pleaded guilty to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), 846, and 851 (West 2000 & Supp. 2007), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. §§ 924(c)(1) and 2 (West Supp. 2007). He received mandatory minimum sentences on both counts, for a total sentence of 300 months. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal, but questioning whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Lucas's guilty plea and whether the sentence imposed by the district court was reasonable. Lucas was advised of his right to file a pro se supplemental brief, but he has not done so. Finding no reversible error, we affirm.

Lucas's counsel questions the adequacy of the court's Rule 11 colloquy but does not identify any specific error. Because Lucas did not move in the district court to withdraw his guilty plea, any appellate challenge to the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S.

- 2 -

725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). In the guilty plea context, to prove that an error is substantial, the defendant must show that he would not have pled guilty but for that error. Martinez, 277 F.3d at 532.

Our review of the record reveals that the district court substantially complied with the requirements of Rule 11. Though the district court did not advise Lucas that he could not withdraw his plea if the sentence was longer than he expected, as required by Rule 11(c)(3)(B), we conclude this omission did not affect Lucas's substantial rights.

Likewise, Lucas's counsel challenges the reasonableness of his sentence but points to no errors. This court will affirm a sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentences). Because the district court sentenced Lucas to the statutory mandatory minimum sentences on each count of conviction, which were statutorily required to be served consecutively, after considering and examining the sentencing

guidelines and the relevant factors under 18 U.S.C. § 3553(a), we find Lucas's sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lucas's convictions and sentence. This court requires that counsel inform Lucas, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lucas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>